CARAWAY *vs.* SMITH.

1. A nuncupative will was in these words : " He settles by will, James, Sukey, and Emily, on Mrs. Mary Ann Caraway, and the natural heirs of her body, after her death." *Held,* That the negroes vested absolutely, in Mrs. Caraway.
2. In a claim case, the defendant in fi. fa., was examined as a witness, by the plaintiff, without objection by the claimant. *Held,* that such examination was not a ground for a new trial.

Claim, in Talbot superior court. Tried before Judge WORRILL, at March Term, 1859.

By virtue of an execution in favor of Levi B. Smith, executor of James Stanford, deceased, against William Caraway, the sheriff of Talbot county levied on a negro man, named James, as the property of defendant. Caraway, as the legally appointed guardian of his infant children, interposed a claim, alleging that said negro belonged to them, and was not subject to said fi. fa. against him. Issue was joined and the following testimony introduced :

*William Caraway,* the defendant in fi. fa., and guardian claiming the negro, introduced by plaintiff, and without objection on the part of his, Caraway's, counsel, testified, that the boy Jim, was received by him from Levi B. Smith, the executor of the last will and testament of James Sandford, deceased, for his wife, the daughter of testator, in the year 1853, and that he so held him for her until her death in 1856. That he had been appointed guardian of her children, since her death, by the ordinary of Upson county, and that he held said negro as guardian of said minor children. That the negro Jim levied on, is the negro " James" mentioned in the third item of the nuncupative will of said James Sanford, and that he had been in witness' possesion from the death of James Sanford up to the time of the levy.

Caraway vs. Smith.

The 3d item of the nuncupative will of James Sanford is as follows:

"3. He settles by will *James*, Sukey, and Emily on Mrs. Mary Ann Caraway and the natural heirs of her body after her death."

In the last paragraph Levi B. Smith is appointed executor.

The testimony being closed, the court held and charged that under the above clause of said will, the negro, James, vested absolutely in Mrs. Caraway. The jury found the property subject to the execution, and claimant moved for a new trial on the following grounds:

1st. Because the court erred in refusing to dismiss the levy, moved for by counsel for claimant, upon the ground that there was no evidence showing that the title, in the negro levied on, was in the defendant in fi. fa.

2. Because the court erred in holding that the will of James Sanford vested an absolute title, to the slave levied on, in his daughter Mary Caraway.

3. Because the verdict is contrary to the evidence and without evidence.

4. Because the verdict is contrary to law.

5. Because the court erred in allowing the defendant, Caraway, to testify on the part of plaintiff in fi. fa.—no objection being made at the time or during the trial.

The court overruled the motion and refused to grant a new trial, and claimant excepts, and assigns error.

JAMES M. SMITH, and A. G. PERRYMAN, for plaintiff in error.

SMITH & POU, *contra*.

*By the Court.*—BENNING, J., delivering the opinion.

1. There can be no doubt that the charge was right. Childers vs. Childers, 21 Ga. 377.

2. This decides all the questions in the case except one —the plaintiff's examination of defendant in fi. fa. as a witness. This the plaintiff did without objection from the claimant, until after the verdict. The objection was then too late ; the claimant had waived it.

Judgment affirmed.